**NATIONAL LABOR RELATIONS BOARD, Petitioner,**

v.

**INTERNATIONAL ASSOCIATION OF MACHINISTS, LODGE 942, AFL–CIO, Respondent.**

No. 15814.

United States Court of Appeals
Ninth Circuit.

April 9, 1959.

See also 9 Cir., 263 F.2d 796.

Jerome D. Fenton, Gen. Counsel, Thomas J. McDermott, Associate Gen. Counsel, Marcel Mallett-Prevost, Asst. Gen. Counsel, Thomas J. Ryan, Norton J. Come, Duane B. Beeson, Attys., N. L. R. B., Washington, D. C., for petitioner.

Plato E. Papps, Chief Counsel, International Ass'n of Machinists, Bernard Dunau, Washington, D. C., for respondent.

Richard W. Axtell, Michael J. O'Brien, Spokane, Wash., amicus curiae.

Before BONE, ORR and BARNES, Circuit Judges.

PER CURIAM.

Respondent, International Association of Machinists, Lodge 942, AFL-CIO, has moved this Court for an order staying Paragraph 1(a) and Paragraphs 2(a) and (b) of the decree in the above entitled matter pending application for a writ of certiorari and final determination of the cause by the Supreme Court of the United States. In a formal "opposition" filed with us the National Labor Relations Board does not oppose a stay of the *notice-posting* requirement of the decree as it relates to peaceful picketing but opposes any other stay by this Court.

■ Paragraph 1(a) of the decree requires that respondent shall cease and desist from:

"Restraining or coercing employees of Alloy Manufacturing Company in the exercise of the rights guaranteed in Section 7 of the National Labor Relations Act, as amended [29 U.S.C.A. § 157], * * by picketing for the purpose of obtaining recognition of Alloy's employees at a time when it does not represent a majority of them."

In its motion respondent frankly avows, inter alia, that "should picketing of Alloy's premises be resumed, its purpose will be confined to (1) persuading the employees of Alloy to join respondent, and/or (2) persuading customers of Alloy not to patronize it." The sort of picketing (described in Paragraph 1 (a)), as did the prior picketing, would probably inflict business loss on Alloy, which in turn might force it to accede to respondent's illegal objective.

The Board suggests, and we agree, that to subject Alloy and its employees to this kind of pressure to select an unwanted representative would, if the Board's view be ultimately sustained, result in a pro tanto impairment of the Act's policies.

■ It is ordered by this Court that the *portion* of that *notice* which was required by our decree to be *posted*, a copy of which is attached to the decree and which reads as follows:

"We will not restrain or coerce the employees of Alloy Manufacturing Company, in the exercise of rights guaranteed in Section 7 of the Act, including specifically the right to refrain from engaging in any or all the activities guaranteed thereunder, by picketing for the purpose of obtaining recognition of Alloy's employees at a time when it does not represent a majority of them."

be stayed in order to permit respondent to apply for a writ of certiorari, and until final determination of the cause by the Supreme Court of the United States.

In all other respects respondent's motion is denied.